J-S31018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY WELLS | : | |
| | : | |
| Appellant | : | No. 2113 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0734932-1985

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 28, 2023**

Appellant, Rodney Wells, appeals *pro se* from the August 5, 2022 order entered in the Court of Common Pleas of Philadelphia County dismissing as untimely his writ of *habeas corpus*, which the court deemed Appellant's fifth petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following review, we affirm.

As the PCRA court explained, Appellant was convicted in 1988 of one count each of third-degree murder, aggravated assault, corrupt organizations, criminal conspiracy, and simple assault, along with two counts of possession of an instrument of crime.[1] The trial court imposed a life sentence for the murder conviction with consecutive terms of five to ten years for conspiracy

---

[1] 18 Pa.C.S.A. §§ 2502, 2702, 911, 903, 2701, and 907, respectively.

and aggravated assault. No further penalty was imposed on the remaining convictions, including the conviction for corrupt organizations under the Pennsylvania Corrupt Organization Act ("PCOA"). On June 18, 1990, his judgment of sentence was affirmed and on October 30, 1990, our Supreme Court denied *allocatur*. **See Commonwealth v. Wells**, 579 A.2d 421 (Pa. Super. 1990) (unpublished memorandum), *appeal denied*, 592 A.2d 44 (Pa. 1990). PCRA Court Opinion, 10/18/22, at 1.

Appellant subsequently filed four petitions under the PCRA, all of which were dismissed, with each dismissal being affirmed on appeal. **See Commonwealth v. Wells**, 241 A.3d 467 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 253 A.3d 682 (Pa. 2021); **Commonwealth v. Wells**, 953 A.2d 842 (Pa. Super. 2008) (unpublished memorandum); **Commonwealth v. Wells**, 804 A.2d 63 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 813 A.2d 841 (Pa. 2002); **Commonwealth v. Wells**, 737 A.2d 813 (Pa. Super. 1999) (unpublished memorandum). **Id.** at 1-2.

As the PCRA court further observed:

[Appellant] has been challenging his PCOA conviction [for which no additional sentence was imposed], the behavior of [the prosecutor at trial], the absence of his arrest warrant, and the grand jury proceedings, in his multiple claims for relief during the more than 34-year period since his conviction. As the Superior Court noted in affirming the dismissal of [Appellant's] Fourth Petition, [Appellant] "raised substantially similar claims in each of his prior PCRA petitions." **Wells**, 241 A.3d 467, at *1 n. 4 (unpublished memorandum). Specifically, as to the PCOA conviction, the Superior Court noted that [Appellant] "has

> engaged in a tireless, decades-long attack[.] [Appellant] continues to consume judicial resources re-litigating this frivolous claim." ***Id.*** at *6 n. 7.[2]

***Id.*** at 3.

On November 10, 2021, Appellant filed the *pro se* writ of *habeas corpus* at issue here. As stated above, the PCRA court treated the petition as Appellant's fifth PCRA petition. The Commonwealth filed a response on April 27, 2022, and the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 on May 13, 2022 of its intention to dismiss the petition as untimely filed.

On May 23, 2022, Appellant filed an amended petition raising additional claims, again referring to it as a writ of *habeas corpus*, and also filed a motion to stay proceedings pending our Supreme Court's disposition of the "Motion for Assumption of Jurisdiction and Extraordinary Relief" that Appellant filed in that Court on March 21, 2022. The Supreme Court denied that motion on July 18, 2022. On August 3, 2022, the Commonwealth filed a response to Appellant's amended fifth PCRA petition. By order entered August 5, 2022, the PCRA court denied Appellant's motion to stay as moot and dismissed Appellant's fifth PCRA petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[2] In Footnote 7, this Court also reiterated "that the sentencing court imposed **no sentence** on the corrupt organizations conviction. Nevertheless, Appellant, who is serving life in prison for his murder conviction," has continued to pursue an attack on his PCOA conviction. ***Id.*** at *6 n.7 (emphasis in original) (citation omitted).

Appellant presents the following issues for our consideration, which we repeat here verbatim:

1. Whether the lower court's dismissal of Petitioner's Writ of Habeas Corpus AD Subjudiciendum and his Amended Petition for Writ of Habeas AD Subjudiciendum, which this Court deemed to be a Petition pursuant to the Post Conviction Relief Act ("PCRA") is supported by the evidence of record and free of legal error?

2. Whether the lower court is in violations of Section One, Article One of the PA. Constitution, Article One, Section 8,9,11, and Article One Section 14 of the PA. Constitution, "…and the privilege of the Writ of Habeas Corpus **shall not** be suspended, unless when in case of rebellion or invasion the Public safety may require it"

3. Was the Appellant unlawfully convicted of the Pennsylvania Corrupt Organization Act ("PCOA") as defined at the time of his conviction?

4. Can the Appellant obtain relief via the PCRA from the consequences of the PCOA conviction when the conviction has resulted in a suspended sentence?

5. Should all the evidence obtained from the Investigating Grand Jury process seeking a presentment based upon violations of the PCOA be deemed inadmissible as the direct product of constitutional violations in each of the Appellant's convictions?

6. Was the Appellant's convictions upon issuance of a warrant without production of an affidavit of probable cause in his PCOA Conviction Constitutionally infirm, mandating immediate release?

7. Are each of the convictions for which the Appellant is currently confined the result of the fruit of the poisonous tree legal theory, violative of the State a Federal Constitutions?

8. Should the Commonwealth be ordered to immediately release the Appellant from custody?

Appellant's Brief at 3-4 (verbatim).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See*, *e.g.*, *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Here, the PCRA court first considered whether Appellant's claims are cognizable under the PCRA, despite his contention to the contrary. The court determined:

> [Appellant's] claims for relief, which are premised upon the legality of his PCOA conviction, prosecutorial misconduct, his arrest warrant affidavit, and the grand jury process, are all grounded on alleged violations of the federal and state constitutions. Such challenges are explicitly covered by the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(i) (providing for eligibility for relief under the PCRA for a "violation of the Constitution of this Commonwealth or the Constitution or laws of the United States[.]" Therefore, [Appellant's] "sole means of obtaining collateral relief" is the PCRA and habeas corpus is not available. *See* 42 Pa.C.S. § 9542; [*Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. Super. 1998)].

PCRA Court Opinion, 10/18/22, at 5-6. We find the PCRA court's conclusion in this regard to be free of legal error. Therefore, we next consider whether Appellant is due any relief under the PCRA.

- 5 -

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final,"[3] unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[4] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition was timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If not, we cannot address the substantive claims raised in the petition. *Id.*

_____

[3] Appellant's judgment of sentence became final on January 28, 1991, 90 days after our Supreme Court denied *allocatur*. **See** U.S.Sup.Ct. Rule 13.1. Therefore, he had until January 28, 1992 to file a timely petition. Here, Appellant filed his petition on November 10, 2021, more than 30 years after his judgment of sentence became final. Appellant's petition is facially untimely.

[4] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

The PCRA court considered whether Appellant satisfied any exception to the PCRA's timeliness requirements and determined that Appellant did not assert any timeliness exceptions with respect to claims premised upon his PCOA conviction, his arrest warrant affidavit, or the grand jury process. PCRA Court Opinion, 10/18/22, at 7. The court acknowledged that Appellant attempted to invoke the newly-discovered facts exception with regard to his prosecutorial and police misconduct claims. *Id.* The court explained:

> To qualify for the newly-discovered facts exception, a petitioner must establish that "the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 153 A.3d 618, 629 (Pa. 2017). Due diligence demands that a petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have obtained the new facts earlier through the use of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). This rule is strictly enforced. *Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa. Super. 2000).

*Id.* at 7-8.

The court considered Appellant's proffer of news articles and unrelated cases involving the prosecutor and detective from Appellant's trial. The court correctly recognized that "[t]he proposed new evidence must be 'producible and admissible.'" *Id.* at 8 (quoting *Commonwealth v. Griffin*, 137 A.3d 605, 608 (Pa. Super. 2016) (in turn quoting *Commonwealth v. Chamberlain*, 30 A.3d 381, 414 (Pa. 2011)). However, as this Court held in *Griffin*, assertions in a newspaper article are not admissible evidence. Further, neither an indictment nor a lawsuit against an officer is evidence.

- 7 -

*Id.* (citing *Griffin*, 137 A.3d 609-10). Because Appellant did not offer any admissible evidence in support of his claims, the newly-discovered facts exception did not apply and the court lacked jurisdiction to entertain Appellant's claims. *Id.* Therefore, this Court similarly lacks jurisdiction and does not have the legal authority to address Appellant's substantive claims. *Chester*, 895 A.2d at 522.

We find that the PCRA court's dismissal of Appellant's fifth PCRA petition as untimely is supported by the evidence of record and free of legal error. Therefore, we shall not disturb it.

Order affirmed.

Judge Olson joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/28/2023